IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CONNIE S. BROCK                                                        PLAINTIFF

vs.                                    Civil No. 3:09-cv-03057

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Connie S. Brock ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her application for DIB on April 27, 2006.  (Tr. 138).  Plaintiff alleged she was

disabled due to neck and knee pain.  (Tr. 159).  Plaintiff alleged an onset date of February 9, 2006.

(Tr. 138).  This application was initially denied on August 31, 2006 and was denied again on

reconsideration on October 30, 2006.  (Tr. 81, 91).  On November 7, 2006, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for
this case are referenced by the designation "Tr."

administrative hearing on her application. (Tr. 99). This hearing was held on March 5, 2009 in Harrison, Arkansas. (Tr. 20-65). Plaintiff was present and represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, and Plaintiff's witness, James Brock, testified at this hearing. *See id.* Vocational Expert ("VE") Floyd John Massey also testified at this hearing. (Tr. 59-65). On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had completed the twelfth grade. (Tr. 26-27).

On June 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 71-80). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 9, 2006. (Tr. 73, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back disorder, left knee degenerative joint disorder, and affective disorder. (Tr. 73, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 74, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 75-78, Finding 5). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529. (Tr. 75). The ALJ found Plaintiff's claimed limitations were not totally credible. (Tr. 76).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 75-78, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC

2

to occasionally lift and carry twenty pounds, and frequently lift and carry ten pounds; sit for about six hours in an eight-hour workday; and stand and walk for about six hours in an eight-hour workday. (Tr. 75, Finding 5). Further, the ALJ found Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but could not climb ladders, ropes, or scaffolds. (Tr. 75, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 78-80, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 28, 60-64). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a dining room attendant and hospital housekeeper. (Tr. 78). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 78, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 79, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a cashier with approximately 196,000 such jobs in the nation and 1,900 such jobs in Arkansas, retail sales attendant with approximately 94,000 such jobs in the nation, and 775 such jobs in Arkansas, and work as a routing clerk with approximately 38,000 such jobs in the nation and 306 such jobs in Arkansas. (Tr. 80). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 9, 2006, through the date of decision. (Tr. 80, Finding 11).

On June 9, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.984(b)(2). On July 31, 2009, the Appeals Council declined to review this determination. (Tr. 1-4). On August 29, 2009, Plaintiff appealed the ALJ's decision

to this Court.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 8,9.  The parties consented to the jurisdiction of this Court on October 27, 2009.  ECF No. 5.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) The ALJ failed to properly assess the severity of Plaintiff's impairments; (2) the ALJ failed to properly accept the opinions of a treating physician; (3) the ALJ failed to properly consider the combined effects of Plaintiff's impairments; (4) the ALJ failed to properly assess Plaintiff's credibility of subjective complaints; (5) the ALJ decision is not supported by substantial evidence; (6) the ALJ failed to fully and fairly develop the record; and (7) the ALJ erred in his RFC determination.  In response, Defendant argues (1) The ALJ properly assessed the severity of Plaintiff's impairments; (2) the ALJ properly accepted the opinions

5

of treating physicians; (3) the ALJ properly considered the combined effects of Plaintiff's impairments; (4) the ALJ properly assessed Plaintiff's credibility of subjective complaints; (5) the ALJ decision is supported by substantial evidence; (6) the ALJ fully and fairly develop the record; and (7) the substantial evidence supports the ALJ's decision. Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ indicated the factors 20 C.F.R. § 404.1529 had been considered. (Tr. 75). However, a review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **29th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE